## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Kelli Dodson,<br><br>            Plaintiff,<br><br>v.<br><br>Collins Asset Group, LLC, and<br>Potestivo & Associates, P.C.<br><br>            Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1367 for pendent state law claims.

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Defendant Potestivo & Associates, P.C.'s violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), and Defendant Collins Asset Group, LLC's violations the Michigan Occupational Code, M.C.L. § 339.901 *et. seq.* ("MOC"), in their illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper in this District because the acts and transactions occurred in Ionia County, Plaintiff resides in Ionia County, and Defendants transact business in Ionia County.

## PARTIES

4.      Plaintiff Kelli Dodson is a natural person who resides in the County of Ionia, State of Michigan.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6.      Plaintiff is a "debtor" as the term is defined by M.C.L. § 445.251(d).

7.      Plaintiff is a "debtor" as the term is defined by M.C.L. § 339.901(f).

8.      Plaintiff is a "consumer" as the term is defined by M.C.L. § 339.901(f).

9.      Plaintiff is a "consumer" as the term is defined by M.C.L. § 445.251.

10.      Defendant Collins Asset Group, LLC, ("CAG"), upon information and belief, is a foreign company.

11. Defendant CAG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant CAG is a "collection agency" as that term is defined by M.C.L. § 339.901(b).

13. Defendant CAG is not licensed by the State of Michigan to collect consumer debt in Michigan.

14. Defendant CAG uses one or more instrumentality of interstate commerce, or the mails, for which the principal purpose is the collection of debts.

15. Defendant CAG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendant Potestivo & Associates, P.C. ("Potestivo"), is a domestic professional corporation, with its principal place of business in Michigan.

17. Defendant Potestivo is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. Defendant Potestivo is a "regulated person" as that term is defined by M.C.L. § 445.251(g).

19.    Defendant Potestivo's agent and employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

20.    Defendant Potestivo uses one or more instrumentality of interstate commerce, or the mails, for which the principal purpose is the collection of debts.

21.    Defendant Potestivo regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

22.    At all times relevant to this action, Defendant Potestivo acted on behalf of, and for the benefit of Defendant CAG.

23.    At all times relevant to this action, Defendant Potestivo acted upon authority from Defendant CAG.

## FACTUAL ALLEGATIONS

24.    In 2005 Plaintiff incurred a financial obligation (the "Debt") that were primarily for personal, family, or household purposes in the form of a loan from Millennia Mortgage.

25.    The Debt is therefore a "debt" as that term is defined by the FDCPA, MCPA, and MOC.

26.    Sometime after the Debt was incurred, Plaintiff defaulted.

27.   After the Plaintiff defaulted on the Debt, it was transferred, sold, or assigned to Defendant CAG for collection.

28.   Defendant CAG's first communication with Plaintiff, attached as Exhibit A, was dated March 8, 2016.

29.   The March 8, 2016 letter referred to "the above mentioned promissory note…."

30.   There was no promissory note mentioned prior to CAG's reference to "the above mentioned promissory note…."

31.   Plaintiff was confused by CAG's reference to "the above mentioned promissory note…."

32.   The least sophisticated consumer would be confused by "the above mentioned promissory note…."

33.   Defendant CAG's letter dated March 8, 2016, stated, in part:

> In order to prevent future Notices of Intent to Accelerate and Right to Cure, please timely remit the monthly principal payments as indicated on the amortization schedule included in this letter.

34.   Defendant CAG's amortization schedule started with a "Due Date" of 02/13/2016.

35.    Plaintiff was confused by the discrepancy between the due date
of the amortization schedule being 02/13/2016 and CAG's state-
ment that "[i]f you fail to remit the current outstanding past due
balance in the amount of $129.54 within thirty (30) days of this
letter and bring you principal payments up to date according to
the term of the promissory note, Collins Asset Group will accel-
erate the entire principal balance of the loan…."

36.    The least sophisticated consumer would have the tendency to be
confused by the discrepancy between the due date of the amorti-
zation schedule being 02/13/2016 and CAG's statement that "[i]f
you fail to remit the current outstanding past due balance in the
amount of $129.54 within thirty (30) days of this letter and bring
you principal payments up to date according to the term of the
promissory note, Collins Asset Group will accelerate the entire
principal balance of the loan…."

37.    Defendant CAG's amortization schedule did not list monthly
principal payments.

38.   Defendant CAG's amortization schedule listed payments that were different than the payments required by the terms of Plaintiff's note.

39.   Defendant CAG has no authority to change the terms of Plaintiff's note.

40.   No single payment listed in Defendant CAG's amortization schedule matches the payment required by the terms of Plaintiff's note.

41.   Defendant CAG's amortization schedule does not reflect the terms of Plaintiff's note.

42.   Plaintiff was confused by Defendant CAG's amortization schedule.

43.   The least sophisticated consumer would have the tendency to be confused by Defendant CAG's amortization schedule.

44.   Plaintiff was confused by Defendant CAG's letter dated March 8, 2016.

45.   The least sophisticated consumer would have the tendency to be confused by Defendant CAG's letter dated March 8, 2016.

46. "A debt collector violates § 1692e, put simply, if the collection practice that he uses **has the tendency** to confuse the least so-phisticated consumer." *Gillie v. Law Office of Eric A. Jones, LLC,* 785 F.3d 1091, 1106 (6th Cir. 2015) (emphasis added).

47. Defendant CAG's March 8, 2016 letter did not list the amount of the debt.

48. Defendant CAG did not provide Plaintiff notice required by 15 U.S.C. § 1692g(a)(1) to Plaintiff during the initial communica-tion, or within five days thereafter.

49. Defendant CAG did not provide Plaintiff notice required by 15 U.S.C. § 1692g(a)(3) to Plaintiff during the initial communica-tion, or within five days thereafter.

50. Defendant CAG did not provide Plaintiff notice required by 15 U.S.C. § 1692g(a)(4) to Plaintiff during the initial communica-tion, or within five days thereafter.

51. Defendant CAG did not provide Plaintiff notice required by 15 U.S.C. § 1692g(a)(5) to Plaintiff during the initial communica-tion, or within five days thereafter.

52.   Defendant CAG sent Plaintiff a letter dated April 11, 2016, attached as Exhibit B.

53.   Defendant CAG's letter dated April 11, 2016, stated, in part:

> Since the principal balance of your account has been accelerated, nothing less than payment in full of the entire accelerated principal balance will be accepted. If you should choose to continuing making payments or submit a single payment in an amount less than the indicated full balance, you authorize us to apply such payments to your account without restriction and without limiting, in any matter, our ability to pursue the total accelerated principal balance owing on your account.

54.   Defendant CAG's statement, as stated in Paragraph 53, is confusing because it states that "nothing less than payment in full of the entire accelerated principal balance will be accepted" and then states "[i]f you should choose to continuing making payments or submit a single payment in an amount less than the indicated full balance, you authorize us to apply such payments to your account without restriction and without limiting, in any matter, our ability to pursue the total accelerated principal balance owing on your account."

55.     Plaintiff was confused by Defendant CAG's statement, as stated in Paragraph 53.

56.     The least sophisticated consumer would have the tendency to be confused Defendant CAG's statement, as stated in Paragraph 53.

57.     Defendant CAG's letter dated April 11, 2016, also stated:

>       You agree that any language contained on a check or draft to the contrary shall be void.

58.     Defendant CAG had no authority under Plaintiff's note to limit "any language contained on a check or draft."

59.     Defendant CAG's letter dated April 11, 2016 claimed that Plaintiff was "in default of the revised payment schedule as delineated in our letter dated 3/8/2016."

60.     Defendant CAG had no authority to issue a revised payment schedule.

61.     Plaintiff's note does not give the note holder authority to issue a revised payment schedule.

62.   CAG, through its counsel, Defendant Potestivo, filed a suit against the Plaintiff in the Circuit Court for the County of Ionia (the "Complaint") on or about December 9, 2016.

63.   Defendant CAG's Compliant sought to collect an amount of money it was not owed.

64.   Defendant CAG's letter, attached as Exhibit A, sought to collect an amount of money it was not owed.

65.   Defendant CAG's letter, attached as Exhibit B, sought to collect an amount of money it was not owed.

66.   Defendant CAG's Compliant sought to collect an amount of money it was not entitled to collect.

67.   Defendant CAG's letter, attached as Exhibit A, sought to collect an amount of money it was not entitled to collect

68.   Defendant CAG's letter, attached as Exhibit B, sought to collect an amount of money it was not entitled to collect.

69.   At the time the Complaint was filed, no payment on the account had been made for more than six years.

70.   At the time the Complaint was filed, the note was in default for more than six years.

71. The limitations period for CAG to file suit on the Debt has passed prior to Defendants' filing of the Complaint.

72. At the time the Complaint was filed, the debt was time barred by the Michigan statute of limitations.

73. Defendant Potestivo sent a letter to Plaintiff dated December 20, 2016.

74. Defendant Potestivo's letter dated December 20, 2016, indicated that "THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT."

75. Defendant Potestivo did not provide Plaintiff notice required by 15 U.S.C. § 1692g(a)(3) to Plaintiff during the initial communication, or within five days thereafter.

76. Defendant Potestivo did not provide Plaintiff notice required by 15 U.S.C. § 1692g(a)(4) to Plaintiff during the initial communication, or within five days thereafter.

77. Defendant Potestivo did not provide Plaintiff notice required by 15 U.S.C. § 1692g(a)(5) to Plaintiff during the initial communication, or within five days thereafter.

78.   Plaintiff has suffered an injury in fact traceable to Defendant
      CAG's conduct that is likely to be redressed by a favorable de-
      cision in this matter.

79.   Plaintiff has suffered an injury in fact traceable to Defendant
      Potestivo's conduct that is likely to be redressed by a favorable
      decision in this matter.

80.   As a direct, actual, and proximate result of the acts and omis-
      sions of each Defendant, Plaintiff has suffered actual damages
      in the form of emotional distress, frustration, upset, and loss of
      productivity, amongst other negative emotions, as well as costs
      and fees incurred to defend the Civil Suit filed by Defendants.

### TRIAL BY JURY

81.   Plaintiff is entitled to and hereby respectfully demands a trial
      by jury on all issues so triable.   US Const. amend. 7.
      Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.
### DEFENDANT CAG'S VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

82. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

83. The foregoing acts and omissions of Defendant CAG and its agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*

84. Defendant CAG violated 15 U.S.C. § 1692d.

85. Defendant CAG violated 15 U.S.C. § 1692e.

86. Defendant CAG violated 15 U.S.C. § 1692e(2)(A).

87. Defendant CAG violated 15 U.S.C. § 1692e(2)(B).

88. Defendant CAG violated 15 U.S.C. § 1692e(5).

89. Defendant CAG violated 15 U.S.C. § 1692e(10).

90. Defendant CAG violated 15 U.S.C. § 1692f.

91. Defendant CAG violated 15 U.S.C. § 1692f(1).

92. Defendant CAG violated 15 U.S.C. § 1692g(a)(1).

93. Defendant CAG violated 15 U.S.C. § 1692g(a)(3).

94. Defendant CAG violated 15 U.S.C. § 1692g(a)(4).

95. Defendant CAG violated 15 U.S.C. § 1692g(a)(5).

96. As a result of Defendant CAG's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §

1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.
### DEFENDANT CAG'S VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
### M.C.L. § 339.901 *et seq.*

97.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

98.   The foregoing acts and omissions of Defendant CAG and their agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*

99.   Defendant CAG violated M.C.L. § 339.915(a).

100.   Defendant CAG violated M.C.L. § 339.915(e).

101.   Defendant CAG violated M.C.L. § 339.915(f)(i).

102.   Defendant CAG violated M.C.L. § 339.915(f)(ii).

103.   Defendant CAG violated M.C.L. § 339.915(n).

104.   Defendant CAG violated M.C.L. § 339.915(q).

105.   Defendant CAG violated M.C.L. § 339.915a(f).

106. As a result of Defendant CAG's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant CAG.

## COUNT III.
## DEFENDANT POTESTIVO'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

107. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

108. The foregoing acts and omissions of Defendant Potestivo and its agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*

109. Defendant Potestivo violated 15 U.S.C. § 1692d.

110. Defendant Potestivo violated 15 U.S.C. § 1692e.

111. Defendant Potestivo violated 15 U.S.C. § 1692e(2)(A).

112. Defendant Potestivo violated 15 U.S.C. § 1692e(2)(B).

113. Defendant Potestivo violated 15 U.S.C. § 1692e(5).

114. Defendant Potestivo violated 15 U.S.C. § 1692e(10).

115. Defendant Potestivo violated 15 U.S.C. § 1692f.

116. Defendant Potestivo violated 15 U.S.C. § 1692f(1).

117. Defendant Potestivo violated 15 U.S.C. § 1692g(a)(3).

118. Defendant violated 15 U.S.C. § 1692g(a)(4).

119. Defendant violated 15 U.S.C. § 1692g(a)(5).

120. As a result of Defendant Potestivo's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Potestivo.

### COUNT IV.
### DEFENDANT POTESTIVO'S VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### M.C.L § 445.251 *et seq.*

121. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

122. The foregoing acts and omissions of Defendant Potestivo and its agents constitute numerous and multiple violations of the

MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq*.

123. Defendant Potestivo violated M.C.L. § 445.252(a).

124. Defendant Potestivo violated M.C.L. § 445.252(e).

125. Defendant Potestivo violated M.C.L. § 445.252(f)(i).

126. Defendant Potestivo violated M.C.L. § 445.252(f)(ii).

127. Defendant Potestivo violated M.C.L. § 445.252(n).

128. Defendant Potestivo violated M.C.L. § 445.252(q).

129. As a result of Defendant Potestivo's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants as follows:

## COUNT I.
## DEFENDANT CAG'S VIOLATIONS OF
## THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant CAG and favor Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant CAG and favor of Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant CAG and in favor of Plaintiff.

## COUNT II.
## DEFENDANT CAG'S VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

- for damages pursuant to M.C.L. § 339.916(2) against Defendant CAG and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant CAG and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant CAG and for Plaintiff.

## COUNT III.
## DEFENDANT POTESTIVO'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Potestivo and favor Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Potestivo and favor of Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Potestivo and in favor of Plaintiff.

## COUNT IV.
## DEFENDANT POTESTIVO'S VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT
## M.C.L § 445.251 *et seq.*

- for damages pursuant to M.C.L. § 445.257(2) against Defendant Potestivo and in favor of Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant Potestivo and in favor of Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant Potestivo and in favor of Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: March 7, 2017

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com